UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                                    )
EVERGREEN POWER, LLC and                            )
ASNAT REALTY, LLC,                                  )
                                                    )
              Plaintiffs,                           )
                                                    )
       v.                                           )
                                                    )
THE UNITED STATES OF AMERICA, et al.,               )      No. 3:14-cv-01537-WWE
                                                    )
              Defendants.                           )
                                                    )
THE UNITED STATES OF AMERICA,                       )
                                                    )
              Counterclaim Plaintiff,               )
                                                    )
       v.                                           )
                                                    )
ASNAT REALTY, LLC,                                  )
EVERGREEN POWER, LLC,                               )
URI KAUFMAN, and                                    )
IRA SCHWARTZ,                                       )
                                                    )
              Counterclaim Defendants.              )
_____)

## JOINT STIPULATION, SETTLEMENT AGREEMENT, ORDER, AND FINAL JUDGMENT

WHEREAS the United States of America ("United States"), on behalf of the United

States Coast Guard ("Coast Guard"), has filed a Counterclaim in this action (ECF Doc. No. 47)

asserting claims under Section 1002 of the Oil Pollution Act ("OPA"), 33 U.S.C. § 2702, for

recovery of oil removal cleanup costs, and Subsections 311(b)(7)(A) and (b)(7)(B) of the Clean

Water Act ("CWA"), 33 U.S.C. §§ 1321(b)(7)(A) and (b)(7)(B), for civil penalties, against Asnat

Realty, LLC ("Asnat") and Evergreen Power, LLC ("Evergreen"), Uri Kaufman, and Ira

Schwartz (collectively "Counterclaim Defendants").

WHEREAS the claims asserted in the United States' Counterclaim arise from the Coast Guard's response in September and October of 2014 to alleged uncontrolled oil at property located at 510 Grand Avenue, New Haven, Connecticut and known as "Parcel B," and sheens observed in the Mill River adjacent to that property (hereinafter the "2014 Incident").

WHEREAS the United States' Counterclaim alleges that the Counterclaim Defendants are liable under Section 1002 of OPA for the United States' removal costs incurred as a result of the 2014 Incident, and liable for civil penalties for violations of Section 311 of the CWA.

WHEREAS the Counterclaim Defendants deny that they are liable for the removal costs incurred by the United States in connection with the 2014 Incident, and deny that they are liable for any violations of Section 311 of the CWA with respect to the 2014 Incident.

WHEREAS in October 2014 Asnat and Evergreen filed a Complaint for declaratory and equitable relief against the United States concerning the 2014 Incident (ECF Doc. No. 1).

WHEREAS in July 2015 this Court granted the United States' motion for judgment on the pleadings on Asnat and Evergreen's Complaint under Fed. R. Civ. P. 12(c) (ECF Doc. No. 30), and neither Asnat nor Evergreen has amended or refiled their Complaint since that time.

WHEREAS the United States and Counterclaim Defendants (collectively, the "Parties") agree that the Court's approval of this Stipulation, Settlement Agreement, Order, and Final Judgment ("Stipulation") is the most appropriate means of resolving the remaining claims in this action.

WHEREAS, by entering into this Stipulation, Counterclaim Defendants, except as provided in Paragraph 1, do not admit and continue to deny the allegations in the Counterclaim and do not admit and continue to deny any liability arising out of the transactions or occurrences alleged in this action.

WHEREAS the Parties agree and, by approving this Stipulation, the Court finds that this Stipulation has been negotiated by the Parties at arm's length, in good faith; will avoid prolonged litigation; and is fair, reasonable, and furthers the objectives of OPA and the CWA.

NOW, THEREFORE, without the adjudication or admission of any issue of fact or law except as provided in Paragraph 1 and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

1.     This Court has jurisdiction over the subject matter of this action, pursuant to Section 1017(b) of OPA, 33 U.S.C. 2717(b), Subsections 311(b)(7)(E), (e)(2), and (n) of the CWA, 33 U.S.C. §§ 1321(b)(7)(E), (e)(2) and (n), and 28 U.S.C. §§ 1331, 1345, and 1355. Venue lies in this District pursuant to 28 U.S.C. §§ 1391 and 1395; Section 1017(b) of OPA, 33 U.S.C. § 2717(b), and Section 311(b)(7)(E) of the CWA, 33 U.S.C. § 1321(b)(7)(E), because Asnat and Evergreen conduct business and/or may be found in this judicial district, the subject property is located in this judicial district, and the 2014 Incident and response that gave rise to the United States' Counterclaim occurred in this judicial district.  For purposes of this Stipulation or any action to enforce this Stipulation, the Parties agree that (i) the Court has jurisdiction over the United States' Counterclaim, this Stipulation, and any such action; (ii) venue lies in this judicial district; and (iii) the Court has personal jurisdiction with respect to Counterclaim Defendants only to enforce the terms of this Stipulation.  For the purposes of this Stipulation or an action to enforce this Stipulation, the Counterclaim Defendants agree not to dispute that the Counterclaim states a claim upon which relief may be granted, and agree not to challenge the propriety of venue in this Court and the personal jurisdiction of this Court over the Counterclaim Defendants.

2.      The obligations of this Stipulation apply to and are binding upon the United States, and upon Counterclaim Defendants, jointly and severally, and any successors, assigns, or other entities or persons otherwise bound by law, provided that Paragraphs 4 and 7 are binding upon Asnat and Evergreen and any successors and assigns of those entities but are not binding upon Uri Kaufman and Ira Schwartz and any successors and assigns of those individuals.

3.      For the purposes of this Stipulation, "Day" shall mean a calendar day unless expressly stated to be a business day.  In computing any period of time under this Stipulation, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day.

4.      Asnat and Evergreen shall pay the sum of $700,000 (the "Settlement Amount") (a) as reimbursement of costs incurred by the Oil Spill Liability Trust Fund in responding to the 2014 Incident, in the amount of $454,000 with interest ("OPA Interest") accrued pursuant to Section 1005 of OPA, 33 U.S.C. § 2705; and (b) as a civil penalty in the amount of $246,000 for the alleged violations of Section 311 the CWA.

5.      Counterclaim Defendants shall not deduct any amounts of civil penalties paid pursuant to Paragraph 4(b) of this Stipulation in calculating their federal income tax.

6.      This Stipulation shall be lodged with the Court for a period of not less than 30 days for public notice.  The United States reserves the right to withdraw or withhold its consent if the Settlement Amount not been deposited in the Court Registry in accordance with Paragraphs 4 and 7, or if the comments regarding the Stipulation disclose facts or considerations indicating that the Stipulation is inappropriate, improper, or inadequate.

7.      On the date on which this Stipulation is lodged with the Court, the United States, along with Asnat and Evergreen, will jointly move for an order directing the Clerk of the Court

to deposit monies received from Asnat and Evergreen into a Court registry account bearing interest ("Registry Interest") in accordance with Federal Rule of Civil Procedure 67 and Local Rule of Civil Procedure 67.  Within seven days after the entry of such order, Asnat and Evergreen will deposit such monies, equal to the Settlement Amount, with the Court for deposit into the Court registry account.  If Asnat and Evergreen fail to timely deposit such monies, interest ("Late Payment Interest") will accrue on the Settlement Amount at the rate specified in 28 U.S.C. § 1961 as of the date on which this Stipulation is lodged with the Court, until such time as monies equal to the Settlement Amount with accrued Late Payment Interest are deposited with the Court.

8.      After the close of the public comment period and the deposit of monies equal to the Settlement Amount and any accrued Late Payment Interest with the Court, unless comments received from the public disclose facts or considerations indicating that the Stipulation is inappropriate, improper, or inadequate, the United States will in good faith move the Court, as soon as reasonably practical, for an order approving this Stipulation and releasing from the Court registry to the United States the monies received from Asnat and Evergreen plus any accrued Registry Interest.  The funds received from the Court registry will be deposited in the Oil Spill Liability Trust Fund administered by the Coast Guard.

9.      If, after the public comment period, the United States withdraws from this Stipulation, or this Stipulation is not approved by the Court within 90 days following the filing of a motion to approve this Stipulation in accordance with Paragraph 8, upon written demand by Asnat and Evergreen, the clerk shall return the monies deposited with the Court Registry to Asnat and Evergreen within 3 days without interest.  If such a demand is made, this Stipulation is null and void.

10.     Upon the release of the monies equal to the Settlement Amount plus any accrued Late Payment Interest and Registry Interest from the Court registry to the United States:

    a.   all claims on behalf of Asnat and Evergreen that have been asserted in this litigation are dismissed with prejudice and Counterclaim Defendants release the United States from all claims and liabilities that have been asserted in this litigation; and

    b.   all claims on behalf of the United States that have been asserted in this litigation are dismissed with prejudice, and the United States releases Counterclaim Defendants and any and all agents, members, attorneys, officers and employees of Asnat and Evergreen from all claims and liabilities that have been asserted by the United States in this action.

11.     The United States reserves, and this Stipulation is without prejudice to, all rights against Counterclaim Defendants with respect to all other matters not asserted by the United States in the Counterclaim, including, but not limited to, any criminal liability.

12.     The Court has granted the United States' motion for judgment on the pleadings in Asnat and Evergreen's Complaint, and Counterclaim Defendants hereby covenant not to sue and agree not to assert any claims related to the 2014 Incident, or response activities in connection with the 2014 Incident, against the United States pursuant to the CWA, OPA, or any other state or federal law or regulation for any acts or omissions through the date of lodging of the Stipulation.  Counterclaim Defendants further covenant not to sue and agree not to assert any direct or indirect claim for reimbursement from the Oil Spill Liability Trust Fund or pursuant to any other provision of law.

13.     Each party shall bear its own costs and attorneys' fees in this matter.

14.     The undersigned officers of Asnat and Evergreen, along with Uri Kaufman, Ira Schwartz, and the Deputy Section Chief of the U.S. Department of Justice, Environment and Natural Resources Division, Environmental Enforcement Section, each certify that he or she is fully authorized to enter into the terms and conditions of this Stipulation and to execute and legally bind the Party or Parties he or she represents to it.

15.     Upon approval of this Stipulation by the Court, this Stipulation shall constitute a final judgment of the Court between and among the United States and the Counterclaim Defendants.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

Signature Page to Joint Stipulation, Settlement Agreement, Order, and Final Judgment in *Evergreen Power, LLC and Asnat Realty, LLC v. United States et al.*, Case No. 3:14-cv-01537-WWE (D. Conn).

FOR THE UNITED STATES OF AMERICA

ELLEN M. MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division

_____          6/1/2017
ANDREW W. KEIR                            _____
Trial Attorney                            Date
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C.  20044
(202) 532-2228

CATHERINE ADAMS FISKE                     JOSHUA M. LEVIN
Senior Counsel                            Environmental Defense Section
Environmental Enforcement Section         Environment and Natural Resources Division
Environment and Natural Resources Division  P.O. Box 7611
U.S. Department of Justice                Washington, D.C. 20044
One Gateway Center - Suite 616            Tel:  (202) 514-4198
Newton, MA 02458                          Facsimile:  (202) 514-8865
(617) 748-3399                            Email:  joshua.levin@usdoj.gov
                                          Fed. Bar No. phv03363

DEIRDRE M. DALY
United States Attorney
District of Connecticut

JOHN B. HUGHES
Assistant U.S. Attorney
157 Church Street
New Haven, CT 06510
(203) 821-3802
Fed. Bar. No. ct05289

Signature Page to Joint Stipulation, Settlement Agreement, Order, and Final Judgment in *Evergreen Power, LLC and Asnat Realty, LLC v. United States et al.*, Case No. 3:14-cv-01537-WWE (D. Conn).

FOR THE UNITED STATES OF AMERICA (continued):

_____          1 JUNE 2017
BRIAN JUDGE                               Date
Chief, Office of Claims and Litigation
United States Coast Guard
Coast Guard Headquarters
2703 Martin Luther King Jr. Ave, SE
Washington, DC 20593-7213

LCDR GARY C. MURPHY
Deputy, Office of Claims and Litigation
United States Coast Guard
Coast Guard Headquarters
2703 Martin Luther King Jr. Ave, SE
Washington, DC 20593-7213

Signature Page to Joint Stipulation, Settlement Agreement, Order, and Final Judgment in *Evergreen Power, LLC and Asnat Realty, LLC v. United States et al.*, Case No. 3:14-cv-01537-WWE (D. Conn).

FOR COUNTERCLAIM DEFENDANTS

_____     06-01-17
Mehboob Shah               Date
Manager
ASNAT REALTY, LLC

_____     06-01-17
Mehboob Shah               Date
Manager
EVERGREEN POWER, LLC

_____     _____     _____     _____
URI KAUFMAN               Date                         IRA SCHWARTZ                 Date

Signature Page to Joint Stipulation, Settlement Agreement, Order, and Final Judgment in *Evergreen Power, LLC and Asnat Realty, LLC v. United States et al.*, Case No. 3:14-cv-01537-WWE (D. Conn).

FOR COUNTERCLAIM DEFENDANTS

| | | | |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| Mehboob Shah | Date | Mehboob Shah | Date |
| Manager | | Manager | |
| ASNAT REALTY, LLC | | EVERGREEN POWER, LLC | |

| | | | |
|---|---|---|---|
| _____ | 5/21/17 | _____ | _____ |
| URI KAUFMAN | Date | IRA SCHWARTZ | Date |

Signature Page to Joint Stipulation, Settlement Agreement, Order, and Final Judgment in *Evergreen Power, LLC and Asnat Realty, LLC v. United States et al.*, Case No. 3:14-cv-01537-WWE (D. Conn).

FOR COUNTERCLAIM DEFENDANTS

| | |
|---|---|
| _____ | _____ |
| Mehboob Shah | Date |
| Manager | |
| ASNAT REALTY, LLC | |

| | |
|---|---|
| _____ | _____ |
| Mehboob Shah | Date |
| Manager | |
| EVERGREEN POWER, LLC | |

_____          _____
URI KAUFMAN                     Date

IRA SCHWARTZ                    Date 6/1/2017